Clyde D. Graeber, Acting Secretary Kansas Department of Health and Environment Capitol Towers 400 Southwest Eighth Avenue, Suite 203 Topeka, Kansas 66603-3930
Dear Secretary Graeber:
You request our opinion regarding the provisions of the Kansas child care facility statutes and regulations relating to temporary licenses and temporary permits. Specifically, you ask whether a child care provider operating under a temporary license or temporary permit may continue to provide child care pending a final decision on the provider's permanent license application, or whether the operation of a child care facility after the expiration date of a temporary license or temporary permit is a violation of K.S.A. 1998 Supp. 65-501.
K.S.A. 1998 Supp. 65-501 provides in pertinent part:
 "It shall be unlawful for any person, firm, corporation or association to conduct or maintain a maternity center or child care facility for children under 16 years of age without having a license or temporary permit therefor from the secretary of health and environment." (Emphasis added.)
K.S.A. 1998 Supp. 65-504 provides in part as follows:
 "(a) The secretary of health and environment shall have the power to grant a license to a person to maintain a maternity center or child care facility for children under 16 years of age. . . . No license shall be granted without the approval of the secretary of social and rehabilitation services, except that the secretary of health and environment may issue, without the approval of the secretary of social and rehabilitation services, a temporary permit to operate for a period not to exceed 90 days upon receipt of an initial application for license.
 "(b) (1) In all cases where the secretary of social and rehabilitation services deems it necessary, an investigation of the maternity center or child care facility shall be made under the supervision of the secretary of social and rehabilitation services. . . . In all cases where an investigation is made, a report of the investigation of such center or facility shall be filed with the secretary of health and environment.
 "(2) In cases where neither approval or disapproval can be given within a period of 30 days following formal request for such a study, the secretary of health and environment may issue a temporary license without fee pending final approval or disapproval of the center or facility.
 "(c) Whenever the secretary of health and environment refuses to grant a license to an applicant, the secretary shall issue an order to that effect stating the reasons for such denial . . . and shall notify the applicant of the refusal. Upon application not more than 15 days after the date of its issuance a hearing on the order shall be held in accordance with the provisions of the Kansas administrative procedure act." (Emphasis added.)
K.S.A. 1998 Supp. 65-504 creates two kinds of temporary operating privileges for child care facilities: a temporary permit and a temporary license. Subsection (a) allows the Secretary of Health and Environment (KDHE) to issue a temporary permit to operate a child care facility for a period not to exceed 90 days. Subsections (b)(1) and (b)(2) of K.S.A. 1998 Supp. 65-504 allow the Secretary of KDHE to issue a temporary license if the Secretary of the Department of Social and Rehabilitation Services (SRS) decides that it is necessary to investigate a child care facility and the decision by SRS to approve or disapprove the facility cannot be accomplished within 30 days. This temporary license expires upon "final approval or disapproval of the . . . facility."[1]
You indicate that SRS routinely conducts background investigations on license applicants to determine whether they have a history of child abuse pursuant to K.S.A. 1998 Supp. 65-516(a). Generally, KDHE issues a temporary license pending review by SRS. Occasionally, SRS approves the facility but KDHE denies the application on other grounds.
A license terminates by lapse of time on the date which is fixed by statute, and a licensee may exercise the rights and privileges granted by the license only for the term specified.[2]
According to K.S.A. 1998 Supp. 65-504, a temporary permit expires within 90 days. A temporary license expires on the date of the final approval or disapproval of the child care facility by SRS. In our opinion, an applicant who continues to operate a child care facility after the expiration of a temporary permit or temporary license is in violation of K.S.A. 1998 Supp. 65-501.
You inquire whether the following provision of the Administrative Procedure Act may apply to extend a temporary license:
 "If a timely and sufficient application has been made for renewal of a license with reference to any activity of a continuing nature, the existing license does not expire until the state agency has taken final action upon the application for renewal or, if the state agency's action is unfavorable, until the last day for seeking judicial review of the state agency's action or a later date fixed by the reviewing court."[3]
This statute applies only to applications for renewal of a license rather than to initial applications for a license. It does not apply to temporary licenses or temporary permits because they are limited in duration and, therefore, are not activities "of a continuing nature." Furthermore, a licensee has no right of renewal by reason of the grant of a conditional temporary license unless a statute gives such a right.[4] Therefore, in our opinion, neither the temporary permit nor the temporary license can be renewed.
You also inquire whether a temporary license may be extended by K.A.R. 28-4-114(q) which provides:
 "Each applicant or licensee receiving notice of denial or revocation of [a] license . . . shall be notified of the right to an administrative hearing by the department and subsequently notified of the right to appeal the denial or revocation to the district court. A licensee may continue to provide child care pending a final decision by the department regarding denial or revocation of a license . . . unless other action is initiated by the department."
(Emphasis added.)
Although this regulation authorizes a licensee to continue providing child care after denial of a license, in order to ensure that the regulation does not conflict with K.S.A. 1998 Supp.65-501, which prohibits a person from operating a child care facility without a license, we interpret the regulation to exclude an applicant whose temporary license or permit has expired. Such a person is not a "licensee" for purposes of the regulation and, therefore, would have no right to continue to provide child care pending a final decision by KDHE after an administrative hearing.
In summary, we conclude that a child care provider operating under a temporary permit or temporary license may not continue to provide child care after the temporary permit or temporary license expires unless and until a permanent license is approved. A temporary permit expires within 90 days. A temporary license expires on the date the Secretary of SRS approves or disapproves the child care facility. Moreover, neither a temporary permit nor a temporary license may be renewed.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 1998 Supp. 65-504(b)(2).
[2] 53 C.J.S Licenses, § 48 (1998).
[3] K.S.A. 77-511(d) (emphasis added).
[4] 53 C.J.S. Licenses, § 47 (1998).